Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7211 | **DATE** | 1-14-2013 |
| **CASE TITLE** | Mathew Zaczyk (M-28151) vs. Godinez | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed in forma pauperis [3] is granted. The court orders the trust fund officer at Plaintiff's place of incarceration to deduct $34.60 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Robinson Correctional Center. However, summons shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff has until 2/11/2013 to submit an amended complaint (plus a judge's copy and service copies). The Clerk shall provide Plaintiff an amended civil rights complaint form with instructions. Plaintiff's failure to submit an amended complaint by 2/11/2013 will result in summary dismissal of this case.

■[For further details see text below.]      Docketing to mail notices.

## STATEMENT

      Plaintiff Mathew Zaczyk, a prisoner at Robinson Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $34.60. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. Plaintiff alleges that in October 2010, he began his detention at Cook County Jail. From that time through August 10, 2011, he had no medical issues. On August 11, 2011, Plaintiff discovered a sore on his leg. Plaintiff asked unknown individuals for medical care, to no avail. Approximately a week later, Plaintiff was taken for medical treatment the hospital, where he was told that he had a staph infection. Plaintiff alleges that he never previously had such an infection, that he does not think he would have became infected if the Jail had been sanitary, and that the infection would not have been so serious if he had received more timely medical treatment.

      Plaintiff names Salvador Godinez as the sole defendant. However, Plaintiff makes no allegations against Godinez in his complaint. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at

| STATEMENT |
|---|

least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a supervisor, the personnel responsibility requirement of Section 1983 is satisfied if the conduct causing the constitutional violation occurs at the supervisor's direction or with his knowledge and consent. *See Hildebrandt v. Illinois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Plaintiff does not make any allegations of personal involvement by Godinez in the alleged unconstitutional conduct.

Furthermore, Plaintiff has not alleged an official capacity claim. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not plead a policy, custom, or practice to hold the supervisory official liable in his official capacity.

Because Plaintiff has not stated a valid individual capacity or official capacity claim against the lone defendant, the complaint on file is dismissed without prejudice. Plaintiff has until February 11, 2013, to submit an amended complaint. Plaintiff must include allegations against those individuals that were involved in the alleged unconstitutional conduct and name those individuals as Defendants to the lawsuit. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.