Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7211 | **DATE** | 2-11-2013 |
| **CASE TITLE** | Mathew Zaczyk (M-28151) vs. Godinez | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [9] is stricken. Plaintiff has until 3/11/2013 to submit a second amended complaint (plus a judge's copy and service copies). The Clerk is requested to provide Plaintiff an amended civil rights complaint form, with instructions. Plaintiff's failure to comply with this order will result in summary dismissal of this case.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, Mathew Zaczyk, a prisoner at Robinson Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was dismissed without prejudice for failing to state a claim against the named Defendant, Salvador Godinez. The court gave Plaintiff a chance to submit an amended complaint, Doc. 5, and Plaintiff has done so, Doc. 9. Under 28 U.S.C. § 1915A, the Court must conduct a prompt review of the amended complaint.

The amended complaint alleges that Plaintiff began his detention at Cook County Jail in October 2010. From that time through August 10, 2011, he had no medical issues. On August 11, 2011, Plaintiff discovered a sore on his leg; he asked unknown individuals for medical care for the sore to no avail. Approximately a week later, Plaintiff was taken to the hospital, where he was told that he had a staph infection. Plaintiff alleges that he never previously had such an infection, that he would not have become infected if the Jail had been sanitary, and that the infection would not have been so serious if he had received more timely medical treatment.

Plaintiff now names "Cook County Jail Medical" as the sole defendant. However, "Cook County Jail Medical" is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). The amended complaint accordingly is dismissed. The dismissal is without prejudice, and Plaintiff will be given a chance to submit a second amended complaint.

Liability under § 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). If Plaintiff does not know the identity of the individuals involved in the alleged unconstitutional conduct, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the responsible individuals' immediate supervisor or

| STATEMENT |
|---|
| supervisors. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wants to pursue his claims but cannot name the individuals involved, he should amend the complaint to add as a defendant a supervisory official or administrator (such as Sheriff Dart) who is in a position to identify the unknown defendants. Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (a list of questions) eliciting information regarding the identity of the individuals who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the identities of those individuals, he may ask leave of court to amend his complaint to add those individuals as defendants. Summonses would then issue for service on the newly named defendants and the supervisory defendant would be dismissed.<br><br>      Plaintiff has until March 11, 2013, to submit a second amended complaint. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each defendant named in the second amended complaint.<br><br>      Plaintiff is cautioned that a second amended complaint supersedes the amended complaint and original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint, without reference to the previous complaints. Any exhibits Plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. |