Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7211 | **DATE** | 3-6-2013 |
| **CASE TITLE** | Mathew Zaczyk (M-28151) vs. Godinez | | |

**DOCKET ENTRY TEXT**

Plaintiff's second amended complaint [11] is accepted for filing. The claims against Defendant Godinez are dismissed; the Clerk is requested to terminate Godinez as a party defendant. The Clerk is requested to add Sheriff Thomas Dart as a defendant, to issue summons Defendant Dart, and to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The U.S. Marshals Service is appointed to serve Defendant Dart.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Mathew Zaczyk, a prisoner at Robinson Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's original and amended complaint were dismissed without prejudice for failing to state a claim against the named Defendants. Plaintiff has submitted a second amended complaint, which the court must promptly review under 28 U.S.C. § 1915A.

The second amended complaint's well-pleaded factual allegations are assumed true at this stage. The second amended complaint alleges as follows. Plaintiff began his detention at Cook County Jail in October 2010. From that time through August 10, 2011, Plaintiff had no medical issues. On August 11, 2011, Plaintiff discovered a sore on his leg; he asked unknown individuals for medical care, to no avail. Approximately a week later, Plaintiff was taken to the hospital, where he was told that he had a staph infection. Plaintiff never previously had such an infection, and he would not have become infected if the Jail had been sanitary, and that the infection would not have been so serious if he had received more timely medical treatment. Plaintiff now names Salvador Godinez and Sheriff Thomas Dart as Defendants.

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The only allegations against Godinez and Dart are that Plaintiff would not have had a medical issue if "they took the time to sanitize the cell once a day." This general allegation does not state a claim against Godinez or Dart. However, Plaintiff may proceed on his claim that unknown individuals ignored his pleas for medical treatment for at least a week before he was finally taken for medical assistance. Because Plaintiff does not know the names of the individuals involved, he my proceed against Sheriff Dart for the purpose of identifying the names of the proper defendants. According to the Seventh Circuit, if a plaintiff does not know the identity of the

| STATEMENT |
|---|

individuals involved in the alleged unconstitutional conduct, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendant's immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

  Accordingly, Sheriff Tom Dart remains as a defendant solely to allow Plaintiff to discover the identity of the proper defendants. Once an attorney has entered an appearance on Dart's behalf, Plaintiff must send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the presently unnamed officers who allegedly violated Plaintiff's constitutional rights. After Plaintiff learns their identities, he may submit a proposed amended complaint that includes those individuals as defendants under their actual names. Summonses will then issue for service on these defendants, and Sheriff Dart will be dismissed as a defendant.

  The Clerk shall issue a summons for service on Defendant Dart, and shall send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The U.S. Marshals Service is appointed to serve Dart. The U.S. Marshals Service shall send Plaintiff any service forms that must be completed; Plaintiff shall fill out those forms and return them to the Marshals Service. The Marshals Service is directed to make all reasonable efforts to serve Defendant Dart. The Marshals Service may mail the complaint and appropriate papers for waiver of service by first-class mail to Defendant Dart pursuant to Rule 4(d)(1)(G).

  Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to defense counsel. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions will be disregarded.